|    |                                                                                                      |
|----|------------------------------------------------------------------------------------------------------|
| 1  | Honorable Marc Barreca |
| 2  | Chapter 7 |
|    | Hearing Date: March 22, 2018 |
| 3  | Hearing Time: 9:30 am |
|    | Hearing Location: Room 7106, Seattle |
| 4  | Response Deadline: March 15, 2018 |

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| In re | Case No. 13-16150-MLB |
|---|---|
| BREAST CANCER PREVENTION FUND, | UNITED STATES TRUSTEE'S OBJECTION TO SECOND APPLICATION BY ATTORNEY FOR TRUSTEE FOR INTERIM COMPENSATION |
| Debtor. | |

The Acting United States Trustee for Region 18, Gregory M. Garvin hereby objects to the *Second Application by Attorney for Interim Compensation and Supporting Declaration* filed at Dkt. # 356 (the "Fee Application") by The Livesey Law Firm ("Livesey"), counsel to chapter 7 trustee Nancy James ("Trustee").

Livesey has not established that the requested fees are "reasonable compensation for actual, necessary services rendered," that the services were necessary to the administration of the estate or beneficial at the time performed toward the completion of the case. 11 U.S.C. § 330(a)(1) and (2)(C). Section 330(a)(4)(A) also mandates, with exceptions not applicable here, that:

> [T]he court shall not allow compensation for—
>    (i) unnecessary duplication of services; or
>    (ii) services that were not—
>       (I) reasonably likely to benefit the debtor's estate; or
>       (II) necessary to the administration of the case.

11 U.S.C. § 330(a)(4)(A).

OBJECTION TO CHAPTER 7 TRUSTEE'S
APPLICATION FOR INTERIM
COMPENSATION AND MOTION TO
AUTHORIZE FUTURE DISBURSEMENT - 1

Office of the United States Trustee
United States Courthouse
700 Stewart Street, Suite 5103
Seattle, WA 98101-1271
206-553-2000, 206-553-2566 (fax)

Case 13-16150-MLB    Doc 366    Filed 03/15/18    Ent. 03/15/18 16:40:12    Pg. 1 of 4

The United States Trustee finds objectionable entries in all three categories designated by Livesey—General Administration entries, Adversary Claim entries, and Tax Matters Entries. With respect to the General Administration and Tax Matters entries, the United States Trustee objects to time entries where Livesey provided insufficient information about what he was doing or why to establish that the fees requested were actually necessary, were not duplicative, and were reasonably likely to benefit the estate.

For example, the United States Trustee objects to entries regarding communications with others (by email or phone) where the role of the other person in the case is not identified or the need or reason for communicating with the person is not stated (for example: "03/17/2015 Prepare email to Denice Moewes (0.2)," "03/19/2015 Telephone conference with Sarah Shifley 0.20," and "04/27/2015…Prepare email to Ed Clark 0.20," Dkt. # 356, pp. 11–12). The United States Trustee further objects to entries in these categories where the level of detail provided is simply not sufficient to determine what was done, or why the service was provided, or how it was necessary or beneficial (for example, numerous entries stating that Livesey had a telephone call or sent email to the Trustee, but with no description of the subject matter or reason for the communication). Livesey has not provided a "detailed description of the service rendered" with respect to a huge portion of the entries on his invoices, as is required by Local Bankruptcy Rule 2016-1(a)(6)(C).

With respect to the Tax Matters, the United States Trustee's primary objection is to entries in which Livesey communicated with the Trustee's accountants, rather than the Trustee communicating with those professionals herself, without providing a reason or sufficient detail to conclude that the communication with the accountants (or back to the Trustee, as applicable) required the expertise and input that Livesey's legal counsel could provide. For example, there are numerous entries for preparing emails to or having phone calls with Richard Ginnis without any further detail or explanation provided. Why was the Trustee herself not having these communications with the accountants, or, if she was communicating with them, how are

OBJECTION TO CHAPTER 7 TRUSTEE'S
APPLICATION FOR INTERIM
COMPENSATION AND MOTION TO
AUTHORIZE FUTURE DISBURSEMENT - 2

Office of the United States Trustee
United States Courthouse
700 Stewart Street, Suite 5103
Seattle, WA 98101-1271
206-553-2000, 206-553-2566 (fax)

Livesey's communications not duplicative?

Finally, of significant concern to the United States Trustee is the time Livesey spent working on the Adversary Claim, as defined in the Fee Application (Dkt. # 356, ¶¶ 16–17) and identified through the narrative descriptions and hand notations in the appended invoices (Dkt. # 356, pp. 10–49). Livesey spent a total of 196 hours on the Adversary Claim, incurring fees of $73,387.50. But the vast majority of that time appears duplicative of:

(a) Time that the Trustee spent—or should have spent—interfacing with her special counsel herself, and for which she is separately seeking significant interim compensation, as the litigation recovery is the most significant asset of the estate (Dkt. # 357, ¶ 7), or

(b) Time spent by the Trustee's special litigation counsel, Williams Kastner & Gibbs, which was hired to litigate the Adversary Claim and which has already been paid in excess of $1.6 million as a contingency fee plus $309,179 in costs (Dkt. # 127, 175, 323, 327, and 346–47).

Many of the Adversary Claim entries also suffer from being vague as to the reason for various communications and tasks (like entries in other categories described above), and it is not self-evident from the entries that the time spent was reasonable and necessary and not duplicative of work performed by others. Again, the description in these entries is not detailed and does not comply with Local Bankruptcy Rule 2016-1(a)(6)(C). For example, there are numerous entries for preparing emails to or having phone calls with Manish Borde or other Williams Kastner attorneys, without any additional detail to show why particular communications with special counsel was beneficial or necessary. There are also numerous Adversary Claim entries that do not include sufficient detail to show why it was necessary or beneficial for Mr. Livesey to perform particular tasks (e.g., entries about reviewing pleadings and discussing them with the trustee and special counsel or for preparing for and attending the mediation). There are few Adversary Claim entries on Livesey's invoices that provide sufficient detail in the narrative

OBJECTION TO CHAPTER 7 TRUSTEE'S
APPLICATION FOR INTERIM
COMPENSATION AND MOTION TO
AUTHORIZE FUTURE DISBURSEMENT - 3

Office of the United States Trustee
United States Courthouse
700 Stewart Street, Suite 5103
Seattle, WA 98101-1271
206-553-2000, 206-553-2566 (fax)

Case 13-16150-MLB    Doc 366    Filed 03/15/18    Ent. 03/15/18 16:40:12    Pg. 3 of 4

description to suggest that additional, bankruptcy-specific oversight or advice by Mr. Livesey, as the Trustee's general counsel in the case, was necessary to aid the special litigation counsel or to aid the Trustee in evaluating the advice of special counsel in the broader context of administering the case. All or substantially all of the Adversary Claim entries are either too vague to assess their reasonableness or benefit to the estate, or they appear duplicative of tasks that the already-compensated special counsel should have performed, or both.

The United States Trustee respectfully requests that the Fee Application be denied, or denied in substantial part, absent further evidence establishing that the fees are reasonable and necessary, that they did not unnecessarily duplicate services performed by others, and that they were reasonably likely to benefit the debtor's estate when performed. The United States Trustee may withdraw his objection or narrow the objection to a lesser subset of invoiced entries if additional, adequate detail satisfying the standards of section 330(a) is subsequently provided.

DATED: March 15, 2018.

Respectfully submitted,

GREGORY M. GARVIN
Acting United States Trustee for Region 18

*/s/ Hilary Bramwell Mohr*
Hilary Bramwell Mohr, WSBA #40005
Attorney for United States Trustee

OBJECTION TO CHAPTER 7 TRUSTEE'S
APPLICATION FOR INTERIM
COMPENSATION AND MOTION TO
AUTHORIZE FUTURE DISBURSEMENT - 4

Office of the United States Trustee
United States Courthouse
700 Stewart Street, Suite 5103
Seattle, WA 98101-1271
206-553-2000, 206-553-2566 (fax)

Case 13-16150-MLB    Doc 366    Filed 03/15/18    Ent. 03/15/18 16:40:12    Pg. 4 of 4